The State v. Burnett.

No. 14,923.

THE STATE v. BURNETT.

CRIMINAL LAW.—*Affidavit.—Motion to Quash.—Agreement as to Grounds of Objection.*—An agreement between the prosecuting attorney and the counsel for the accused as to what objection is made to the affidavit, can not be regarded, and if the affidavit is bad it will be so held, without reference to the ground upon which the motion to quash is rested.

SAME.—*False Representations.— When not Criminal.*—A criminal prosecution can not be based upon false representations which are not of such a character that a man of common understanding is justified in relying upon them.

From the Lake Circuit Court.

*L. T. Michener*, Attorney General, *C. N. Morton*, Prosecuting Attorney, and *J. H. Gillett*, for the State.

*J. B. Peterson*, for appellee.

BERKSHIRE, J.—This is an appeal by the State, as provided in section 1882, R. S. 1881. The court below quashed the affidavit, and the only question presented for our consideration is as to the correctness of that ruling.

There is an agreement on file, signed by the attorney for the appellee and the prosecuting attorney, stating that the only objection made to the affidavit was that the false representations charged were not such as might deceive a man of common intelligence.

We can not regard the agreement; if the affidavit was bad for any reason, whenever a motion to quash it was presented it was the duty of the court to sustain the motion, without reference to the ground upon which the defendant's attorney rested his motion.

We are of the opinion that the affidavit was bad, for the reason that the false representations charged were not such as a man of common understanding was justified in relying upon, and because the representations consisted principally in expressions of opinion, and not of existing facts.

Counsel for the State contend that as to whether the representations were calculated to deceive was a question of fact, and not of law. The correctness of counsel's position depends upon the manner in which the question arises; as a question of evidence it is a question of fact, but as a question of pleading it is a question of law. The authorities to which our attention has been directed are not in opposition to the rule as we have stated it. We do not care to set out the affidavit, or even its substance.

Judgment affirmed.

Filed June 18, 1889.