### LEFLER v. THE STATE.

[No. 18,877.   Filed June 28, 1899.]

FALSE PRETENSES.—*Indictment.*—*Criminal Law.*—The false pretense charged in an indictment in a prosecution, under §2352 Burns 1894, for obtaining money under false pretenses need not be such that a man of ordinary prudence would give it credit, or that it could not be guarded against by ordinary care and prudence.  The following cases in so far as they are in conflict with the foregoing doctrine are overruled: *Magee* v. *State*, 11 Ind. 154; *Leobold* v. *State*, 33 Ind. 484; *Jones* v. *State*, 50 Ind. 473; *Bonnell* v. *State*, 64 Ind. 498; *Miller* v. *State*, 79 Ind. 108; *Shaffer* v. *State*, 82 Ind. 221; *Wagoner* v. *State*, 90 Ind. 504; *Shaffer* v. *State*, 100 Ind. 365; *State* v. *Burnett*, 119 Ind. 392.

From the Fayette Circuit Court.   *Affirmed.*

*R. N. Elliott* and *Ira T. Trusler*, for appellant.

*W. L. Taylor*, Attorney-General, *Merrill Moores* and *George L. Gray*, for State.

MONKS, J.——Appellant was indicted, tried, and convicted of the offense of obtaining money under false pretenses.  The only error assigned is that the court erred in overruling the motion to quash the indictment.  It is insisted by appellant that the false pretenses alleged were not such as a person of ordinary caution and prudence would credit, and for that reason the indictment was insufficient.

It is alleged that appellant "designedly, knowingly, falsely, and feloniously pretended and represented to the said Annie Kidwell that he, said John Lefler, was then and there a single man; that he was divorced from his wife; that there was then and there a judgment for alimony against him in the Rush Circuit Court of Rush county, Indiana; that there was then and there an unpaid balance of $15 on said judgment against him; that he wanted and needed said $15 from said Annie Kidwell with which to pay off and liquidate said claim and judgment standing against him as aforesaid."

Lefler *v.* State.

The part of the statute upon which the indictment is based reads as follows: "Whoever, with intent to defraud another, designedly * * * by any false pretense obtains from any person any money, or the transfer of any bond, bill, receipt, promissory note, draft or check, or thing of value * * * shall be imprisoned," etc. Acts 1883, p. 126, §2352 Burns 1894, §2204 Horner 1897.

It was said in some of the earlier cases in this State that to support any indictment the false representations must be of such existing facts as would deceive a person of ordinary intelligence and prudence. *State* v. *Magee,* 11 Ind. 154; *Leobold* v. *State,* 33 Ind. 484; *Bonnell* v. *State,* 64 Ind. 498. But the later cases of *Shaffer* v. *State,* 100 Ind. 365, *Wagoner* v. *State,* 90 Ind. 504, and *Miller* v. *State,* 79 Ind. 198, hold that, whether or not the false pretenses are such as are calculated to deceive a person of ordinary caution and prudence, is not a question of law for the court, but a question of fact for the jury under all the circumstances. In *State* v. *Burnett,* 119 Ind. 392, however, it was again held, on a motion to quash the indictment, that the false representations must be of such a character that a man of common understanding is justified in relying upon them.

In England, and many of the states, the rule is that any pretense which deceives the person defrauded is sufficient to sustain an indictment, although it would not have deceived a person of ordinary prudence. 2 Russell on Crimes, (9 Am. ed.) 619-700; Roscoe's Crim. Ev. (7 Am. ed.) 487, 488; 2 Bishop's Crim. Law, §§433-436; *Reg.* v. *Woolley,* 1 Den. C. C. 559, 4 Cox C. C. 193, 3 C. & K. 98, 2 East P. C. 8, pp. 827-831; *Reg.* v. *Jessop,* Dears & B. 442, 7 Cox C. C. 399; *Reg.* v. *Giles,* L. & C. 502, 10 Cox C. C. 44; *Johnson* v. *State,* 36 Ark. 242; *State* v. *Fooks,* 65 Iowa 196, 452, 21 N. W. 561, 773; *State* v. *Montgomery,* 56 Iowa 195, 9 N. W. 120; *People* v. *Pray,* 1 Mich. N. P. 69; *State* v. *Williams,* 12 Mo. App. 415; *Colbert* v. *State,* 1 Tex. App. 314; *In re Greenough,* 31 Vt. 279-290; *Watson* v. *People,* 87 N. Y. 561,

41 Am. Rep. 397; *People* v. *Oyer & Terminer*, 83 N. Y. 436-449; *People* v. *Cole*, 20 N. Y. Supp. 505; *People* v. *Rice*, 128 N. Y. 649, 29 N. E. 146; *State* v. *Mills*, 17 Me. 211; *Smith* v. *State*, 55 Miss. 513; *Watson* v. *State*, 16 Lea (Tenn.) 604; *Bowen* v. *State*, 9 Bax. (Tenn.) 45, 40 Am. Rep. 71; *Commonwealth* v. *Henry*, 22 Pa. St. 253; *Thomas* v. *People*, 113 Ill. 531; *Cowen* v. *People*, 14 Ill. 348; *Bartlett* v. *State*, 28 Ohio St. 669, 670.

In discussing this question an eminent author said: "But must the pretense be such as is calculated to mislead men of ordinary prudence? Some of the older cases lay down the doctrine that it must. But, in reason, and it is believed according to the better modern authorities, a pretense calculated to mislead a weak mind, if practiced on such a mind, is just as obnoxious to the law as one calculated to overcome a strong mind, practiced on the latter. * * * Practically, it is impossible to estimate a false pretense, otherwise than by its effect. It is not an absolute thing, to be handled and weighed as so much material substance; it is a breath issuing from the mouth of a man, and no one can know what it will accomplish except as he sees what in fact it does. Of the millions of men on our earth, there is not one who would not be pronounced by the rest to hold some opinion, or to be influenced in some affair, in consequence of considerations not adapted to affect any mind of ordinary judgment and discretion. And no man of business is so wary as never to commit, in a single instance, a mistake such as any jury would say on their oath could not be done by a man of ordinary judgment and discretion. These things being so, plainly a court cannot, with due regard to the facts of human life, direct a jury to weigh a pretense, an argument, an inducement to action, in any other scale than that of its effect." 2 Bishops Crim. Law (7th ed.) §§433, 436.

In *Reg.* v. *Jessop*, *supra*, the defendant passed to another for change a bank note, saying that it was for five pounds, when it really was, as he knew, for only one pound, and re-

ceived the change for a five-pound note. He was held to have committed the offense, although the person to whom he passed the note could read. Lord Campbell, C. J., said: "We are all of the opinion that the conviction was right. In many cases a person giving change would not look at the note, but, being told it was a five-pound note and asked for change, would believe the statement of the party offering the note and change it. Then if, giving faith to the false representation, the change is given, the money is obtained by false pretences."

In *Young* v. *Reg.*, 3 T. R. 98, Kenyon, C. J., in defining the offense, gave "ordinary caution" as an ingredient; but Ashurst, said, "The legislature saw that all men were not equally prudent, and this statute was passed to protect the weaker part of mankind;" and Buller, J., said, "The ingredients of this offense are the obtaining money by false pretences, and with an intent to defraud." In *Queen* v. *Wickham*, 10 Ad. & El. 34, Denham, C. J., said to counsel arguing that the fraud must be such as to impose on a man of ordinary caution: "I never could see why that should be. Suppose a man has just art enough to impose upon a very simple person, and defraud him, how is it to be determined whether the degree of fraud is such as shall amount to a misdemeanor? Who is to give the measure." In *Reg.* v. *Woolley*, *supra*, the pretense was by a secretary of an Odd Fellows lodge that a member owed it a certain sum, greater than the real debt, and thus got the excess for himself. Held a legal false pretense. Alderson, B., said: "If a man represents as an existing fact that which is not an existing fact, and so gets your money, that is a false pretense: for instance that a certain church had been built, and that there was a debt still due for the building, when there was no debt due, that would be a false pretense; yet the matter might easily be inquired into and ascertained. Or take the common case. The prisoner says 'I am sent by Mrs. T. for a pair of shoes.' Is not that a false pretense? Yet inquiry can be made, and

after the thing has happened, usually is made, and the falsehood detected." Lord Campbell said: "It seems that the legislature meant to prevent such gross frauds·as may easily be perpetrated though an inquiry might easily be made." "I entirely agree with the observation of Lord Denman in *Reg.* v. *Wickham,*" Earle, J., said: "It was once thought that the law was only for the protection of the strong and prudent. That notion has ceased to prevail." So, in *Reg.* v. *Giles,* L. & C. 502, where the defendant pretended to have power to bring back the prosecutrix's husband over hedges and ditches, Earle, C. J., said: "The pretense of power, whether moral, physical, or supernatural, made with intent to obtain money is within the mischief of the law."

The great weight of the authorities and the better reason sustain the rule that it is not necessary that the pretense be such as will impose upon a man of ordinary caution, or as can not be guarded against by ordinary care and prudence.

The object and purpose of the law is to protect not only the man of ordinary care and prudence, but also the weak and credulous against the strong, the ignorant, inexperienced, and unsuspecting against the experienced and unscrupulous. *McKee* v. *State,* 111 Ind. 378, 381, 16 Am. L. Reg. (N. S.) 321-325. In *McKee* v. *State, supra,* it was urged by the appellant that the representations were so unreasonable, and of such a character, as that no person exercising reasonable caution would be warranted in believing them; in response to which this court said: "The design of the law is to protect the weak and credulous from the wiles and stratagems of the artful and cunning, as well as those whose vigilance and sagacity enable them to protect themselves. *Smith* v. *State,* 55 Miss. 313, 17 Am. L. Reg. (N. S.) 525, 16 Am. L. Reg. 321-325."

An inexperienced person, a child, or a feeble old man, might be induced to part with his property by false pretenses so flimsy and absurd as not to influence a man of ordinary prudence, and the falsity of which would at once be appar-

Lefler *v.* State.

rent to a man of experience.   Still, if the representations
were such as to secure the credit of such a person, and de-
prive him of the possession of his property, no matter how
absurd such representations may appear to a person of more
experience and of greater sagacity, they would be such repre-
sentations as are contemplated by the statute.   *McKee* v.
*State,* 111 Ind. 378, 16 Am. Law Reg. (N. S.) 321-325;
*Bowen* v. *State,* 9 Bax. (Tenn.) 45, and note 40 Am. Rep.
75-80; *People* v. *Cole,* 20 N. Y. Supp. 205.   As was said by
Dr. Wharton: "The simple and credulous are as much un-
der the shelter of the law as are the astute.   *   *   *   That
gross credulity is no defense is illustrated by the prosecutions
sustained against conjurers and fortune tellers.   Nothing
but gross credulity could be imposed on by such pretenders;
yet on behalf of those thus imposed on prosecutions have been
sustained."   2 Wharton's Crim. Law (10th ed.), §§1188,
1192.

An indictment has been sustained when money was pro-
cured as a loan by a false pretense that the borrower owed a
certain debt and required the money to make a payment
thereof.   7 Am. & Eng. Ency. of Law, 753; *State* v. *Mont-
gomery,* 56 Iowa 195.   When money or property is obtained
on the faith of a false representation that the defendant is a
single man, it has been held that an indictment will lie.   7
Am. & Eng. Ency. of Law, 748; 2 Russell on Crimes (9 Am.
ed.), pp. 646, 647; 2 Bishop's Crim. Law, §§422, 445; *Reg.*
v. *Jennison,* 9 Cox C. C. 158, Leigh & C. C. C. 157, 31 Law
J. M. C. 146, 8 Jur. (N. S.) 442, 6 Law T. (N. S.) 256, 10
W. R. 488.

So far as *Magee* v. *State,* 11 Ind. 154; *Leobold* v. *State,*
33 Ind. 484; *Jones* v. *State,* 50 Ind. 473; *Bonnell* v. *State,*
64 Ind. 498; *Miller* v. *State,* 79 Ind. 198; *Shaffer* v. *State,*
82 Ind. 221; *Wagoner* v. *State,* 90 Ind. 504; *Shaffer* v.
*State,* 100 Ind. 365; *State* v. *Burnett,* 119 Ind. 392, and any
other cases in this State hold that, to come within the statute,
the false pretense must be such that a man of ordinary cau-

tion and prudence would give it credit, or that it could not be guarded against by ordinary care and prudence, they are overruled. Judgment affirmed.