## W. M. Scott v. The State.

### No. 5940.   Decided November 10, 1920.

### Rehearing denied March 30, 1921.

**1.—Swindling—Indictment—Words and Phrases—Rule Stated.**

The whole indictment must be looked to if it be claimed that any part thereof lacks certainty, in order to determine whether there be merit in such claim.   And where defendant moved to quash in that the indictment was uncertain and indefinite, because it was not clear to whom the pronouns "he" and "his" related, it appeared from the entire pleading that no such uncertainty appeared therein, there was no reversible error.

**2.—Same—Evidence—Variance—Time-check.**

Where, upon trial of swindling of more than the value of fifty dollars, defendant claimed a variance between the pretense alleged and that proven, but the record showed on appeal that it was both alleged and proven that the defendant represented that the draft or time-check, which was set out in the indictment and offered in evidence, was for eighty-five dollars when in fact it was for only eighty-five cents, there was no variance.

**3.—Same—Time-check—Amount Involved—Value.**

Where upon trial of swindling the defendant undertook to show that the railway company which issued to him the alleged time-check for eighty-five cents might have owed him more money than that amount, to which an objection was sustained by the court, there was no error, as the inquiry in the instant case was as to the value as to the particular check alleged in the indictment and as to what representations were made by defendant concerning same.

**4.—Same—Charge of Court—Requested Charge.**

Where, the substance of the requested charge, in sofar as it was correct, was given in the main charge, there was no error in refusing same.

**5.—Same—Accomplice—Charge of Court.**

Where, upon trial of swindling the evidence showed that there was no sort of pretense of criminality on the part of the companion who acted with defendant, and nothing in the record called for a charge that he was or might be an accomplice, there was no error in the court's failure to charge on accomplice's testimony.

**6.—Same—Evidence—Charge of Court—Practice on Appeal—Delinquent Child.**

Where, upon appeal from a conviction of swindling, error was assigned upon the fact that the prosecuting attorney, upon trial of the case, asked the defendant when on the witness stand, if he had not been confined in the reformatory as a delinquent. child, to which objection was sustained by the court and the jury instructed not to consider said question, there was no reversible error, and it is not necessary for this court to ·decide as to whether the fact of conviction as a delinquent child is admissible in evidence against the accused after he ceases to be such child.

7.—Same—Sufficiency of the Evidence—Charge of Court.

Where, upon trial of swindling, defendant claimed that when he passed the alleged check representing the same to be for the sum of eighty-five dollars, that he believed it to be for that amount, instead of eighty-five cents, and the trial court fully submitted this issue to the jury, there was no reversible error.

8.—Same—Rehearing—Bill of Exceptions—Evidence—Lost Check.

Where appellant urged in his motion for re-hearing that this court was in error in sustaining the refusal of the trial court to allow him, on cross-examination of State's witness, to show whether time-checks are not sometimes misplaced and lost and did not show on the books of the company and that it took months to straighten out such matters, and that defendant might be entitled to more money on his time-check, but the record showed that he did not claim, while on the witness stand, to have lost any time-slips or checks, or that any other witness testified to such fact, the trial court properly refused said testimony    besides, the bill of exceptions was defective.   Following Hardgraves v. State, 61 Texas Crim. Rep., 325, and other cases.

9.—Same—Practice in Trial Court.

This court cannot sustain the contention that the mere asking of a question, the answer to which would involve a matter not admissible as evidence, would necessitate a reversal; it not being shown that the prosecuting attorney sought to prejudice the accused thereby, and besides, the appellant received the lowest penalty.

Appeal from the District Court of McLennan.   Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Farmer & Farmer,* for appellant.—On question of refusing appellant to show that sometimes checks might be lost, etc.: Hardy v. State, 31 Texas Crim. Rep., 292; Chenowith v. State, 50 id., 240; Pitts v. State, 132 S. W. Rep., 803.

On question of conduct of State's attorney in asking appellant whether he had not been formerly convicted as a delinquent child: Wyatt v. State, 124 S. W. Rep., 929; Hawkins v. State, 39 Texas Crim. Rep., 261; Brazell v. State, 33 id., 333; Brown v. State, 57 id., 269.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of conduct of district attorney:   Wright v. State, 140 S. W. Rep., 1107.

LATTIMORE, JUDGE.—Appellant was convicted in the 54th District Court of McLennan County, of the offense of swindling of more than the value of $50, and his punishment fixed at two years confinement in the penitentiary.

It was alleged in the indictment as follows: "The said W. M. Scott did falsely pretend and fraudulently represent to the said Jim De Grazier that *he* had in *his* possession a certain valid writing obligatory . . . and did then and there by means of said false pretense and fraudulent representation, fraudulently induce the said Jim De Grazier . . . to exchange his said eighty-four dollars and fifteen cents for the said pretended writing obligatory," etc.

A motion to quash said indictment was made, upon the ground that it was indefinite and uncertain, in that it was not clear to whom the pronouns "he" and "his," as above set out, related: The whole indictment must be looked to, if it be claimed that any part thereof lacks certainty, in order to determine whether there be merit in such claim. Without setting out the indictment at length, we observe that in other parts thereof it is fully set out that by means of false pretenses De Grazier was induced to part with his said money, and that he did receive from the said Scott said written instrument, falsely represented by the said Scott as valid and valuable. We do not think the indictment either so vague and indefinite as not to put appellant upon notice, or as not to afford him a basis for a plea of jeopardy or former conviction, if needed. We find no variance between the pretense alleged and that proven. It was both alleged and proven that appellant represented that the draft or time-check, which was set out in the indictment, and offered in evidence, was for eighty-five dollars, when in fact it was for only eighty-five cents.

By cross-examination of the State's witness Shook, appellant undertook to show that the Railroad Company which issued to him the draft or time-check for eighty-five cents, might have owed him more money than that amount. Said witness was asked as follows: "Is it not a fact that you oftentimes have time-checks lost or misplaced, and that it takes you months to straighten same out, and that it is probable that Scott could have had more time coming than is shown by your books?" The inquiry in this case was as to the value of the particular check or draft in question, and as to what representations were made by appellant concerning same. The record discloses no claim advanced by him that he made any statement to De Grazier as to what amount the company owed him, or that he had any reason to believe that they owed him eighty-five dollars. Appellant testified that he was sick a part of January, 1920. The employes of the company for which he was working, were paid semi-monthly. Mr. Shook, who had charge of the books of said company, testified that the gross amount due appellant on January 31, 1920, for the preceding half-month, was $29.60, from which had to be deducted meal tickets signed for by appellant, to the amount of $26.00, leaving an amount due appellant of $3.60; and that $2.75 of that amount was due him as a switchman, and 85 cents thereof as a brakeman; that it being the custom to keep the pay-rolls separately, one time-check for $2.75 as switchman, and one time-check for 85 cents as brakeman, were issued to appellant. Mr.

Shook also said that the records of his office showed that appellant worked one day in January, to-wit, the 31st, as brakeman. The record shows that appellant was arrested about February 20, 1920, and that the instant trial was had during the latter part of April of said year. More than two months had elapsed, during which time, appellant admitted on the witness stand, he made no claim that more money was due him by the said company, nor did he introduce any witness, or make any effort to establish said fact on his trial. Mr. Shook had the books of the company for the entire month of January, and no effort appears to have been made to show therefrom that any more money was due appellant than testified to by said witness. The fact that some time-checks might be lost, would be of no value to appellant, in the absence of any evidence making it appear probable that a time-check due him had been lost. The fact that sometimes months were required to straighten out lost time-checks, would avail appellant nothing in the absence of something upon which to predicate a claim of a lost time-check due him. The objection to the question as asked, was properly sustained.

The special charge asked by appellant was not a correct presentation of the law involved. The substance of the same, insofar as it was correct, was given in the main charge, wherein the trial court told the jury that if the prosecuting witness knew when he parted with his money that the check given him by appellant was for only 85 cents. or if the jury had a reasonable doubt thereof, they should acquit appellant.

Nor was any error committed in failing to instruct the jury as to accomplice testimony, relative to the witness Sorce. Both Sorce and De Grazier were foreigners, and barbers in the city of Waco, the former working in the shop of the latter. Appellant seems to have presented his 85 cents time-check first to Sorce, and after some argument, convinced the latter that the same was for $85; whereupon, both Sorce and appellant made representations to De Grazier relative to the value and amount of said check. There was no sort of pretense of criminality on the part of Sorce. He seems to have been barely able to read a little English. Nothing in the record called for a charge that he was or might be an accomplice.

Error is assigned upon the fact that the prosecuting attorney asked the appellant, when on the witness stand, if he had not been confined in the reformatory as a delinquent child. This was objected to, and the objection was sustained. The jury were instructed both then and in the charge, not to consider said question. The language of Article 1197, of our Code of Criminal Procedure is not clear as to whether the fact of conviction as a delinquent child, is admissible against an accused after he ceases to be such child, but inasmuch as the evidence in the matter before us was not admitted, it is not necessary for us to discuss that question here. We are unable to see any error in the matter as presented.

It is urged that the evidence is not sufficient to make out a case. Appellant claims that when he passed the check to De Grazier, representing the same to be for $85, he believed it to be for that amount. The trial court fully instructed the jury upon this issue, telling them that if from the evidence they found that appellant so believed at the time he passed the check to De Grazier, and acquired the money of the latter, they should acquit. The jury found against appellant's contention, and we are not inclined to hold their verdict without support in the testimony.

The judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

## March 30, 1921.

LATTIMORE, JUDGE.—It is urged that we were in error in our disposition of appellant's complaint, as set forth in his bills of exception Nos. 5 and 9, of the refusal of the trial court to allow the witness Shook to answer, on cross-examination, whether time-checks were not sometimes misplaced and lost and did not show on his books, and that it took months to straighten out such matters, and that it was probable that appellant could have more time coming than was shown by said books. We repeat that appellant did not claim, while on the witness stand, to have lost any time-slips or checks, nor did any other witness testify to such fact, and we, therefore, held the offered evidence properly rejected as shedding no light on any issue in the case. It is urgently insisted by appellant that our statement of this fact was incorrect, and that said bills of exception showed our error in this regard. An examination of said bills may make it appear that the matter therin stated, which is relied upon by appellant as being contrary to our statement, appears in that part of said bills in which are stated the inducement or reasons presented by appellant to the trial court for the introduction of the evidence then offered and now in controversy. This court has uniformly held that the certificate of the trial judge approving a bill of exceptions is not to be taken as a statement of the truth of the matters of inducement stated in such bills. Hardgraves v. State, 61 Texas Crim. Rep., 325; Woods v. State, 68 Texas Crim. Rep., 185, 151 S. W. Rep., 296; Hennessy v. State, 23 Texas Crim. App., 340; McKinney v. State, 41 Texas Crim. Rep., 434. An examination of the statement of facts in this case, for the purpose of ascertaining what appellant did testify regarding the above matters, makes it clear that he nowhere claimed to have lost any time-slips or checks. He testified that he, in common with other employes, was paid every fifteen days, and it was shown that the amount due for any given half month was not paid until fifteen days after same became due. That is, on the first of February the employes were paid

for the first half of January, and on February 16th they were paid for the last half of January. Appellant began work in December, and under the rules made a number of student trips in order to learn his business, for which he was to receive no pay. His pay began January 1st, and under the rules mentioned he was not due to receive his pay for the first half of January until on February 1st. He testified that one payment had been made to him prior to his receipt of the check which forms the basis of this swindling. This would make it obvious that said prior payment was for the first half of January, and that he did not receive same until February 1st. Appellant testified that he did not know the amount of such prior payment. He also admitted that he lost two weeks from work in January because of sickness. It thus appears that appellant had been paid for the first half of January without complaint as to the amount, and that he had lost almost, if not quite, half of said month from illness, and that when he received the check in question he knew it was for a balance due him for the last half of January, after deducting for illness and the amount drawn by him for meals. To these observations may be added the fact that he was arrested for this offense on February 20th, and the instant trial was had more than two months after the date of said arrest, during which time no effort is shown on his part, or anyone for him, to ascertain or establish any fact showing that the check in question did not represent the full amount due him, or to obtain any evidence to corroborate the proposition that he had reason for thinking himself entitled to a check for $85 for the last half of January. We are unable to agree with the earnest contention made by appellant's counsel in regard to this matter.

Nor can we sustain the contention that the mere asking of a question, the answer to which would involve a matter not admissible as evidence, would necessitate a reversal. If this were the rule there would not be many affirmances, as it is almost impossible for a case to be tried without a greater or less number of questions being asked by the parties, the answers to which are objectionable. It was not shown affirmatively in this case that with knowledge of the illegality of the proposed evidence, the prosecuting attorney sought to prejudice the case of appellant by inquiry of him if he had not been sent to the reformatory as a delinquent, and unless such fact be made to affirmatively appear, or the matters stated in the inquiry be so necessarily harmful as to make injury apparent, we would not hold the asking of such question reversible error. Appellant received the lowest penalty for the crime charged against him, which seems contradictory of appellant's theory that the jury was inflamed or prejudiced against him by reason of said question.

Being unable to agree with the grounds set up and urged for rehearing, the motion will be overruled.

*Overruled.*