### GREENING v. STATE OF INDIANA.

[No. 25,035. Filed October 8, 1926. Rehearing denied January 7, 1927.]

1. FALSE PRETENSES.—*Affidavit must charge that false pretenses related to past or existing facts.*—An affidavit charging false pretenses as defined in §2947 Burns 1926 must charge that the false pretenses related to past or subsisting facts and not to the future. p. 713.

2. FALSE PRETENSES.—*Representations held to be of existing facts.*—An affidavit charging that the defendant obtained money by falsely representing that he was a deputy sheriff with power to arrest for selling intoxicating liquor and to close the building where sold and that he was authorized by the sheriff to accept money in compromise of the crime of selling intoxicating liquor was sufficient as charging false representations as to existing facts. p. 713.

3. FALSE PRETENSES.—*Charge of obtaining money by false pretenses sufficient if it shows that pretenses were one inducement for parting with money.*—In charging the obtaining of money by false pretenses, it need not be shown that the false pretenses were the sole and exclusive inducement for parting with the

money, it being sufficient if they were one of the inducements, without which the defrauded party would not have parted with his money.   p. 713.

4.   FALSE PRETENSES.—*Affidavit not insufficient because it also states facts showing blackmail.*—An affidavit charging the obtaining of money by false pretenses is not insufficient because the facts stated also amount to a charge of blackmail.   p. 713.

5.   FALSE PRETENSES.—*False representations need not be such that person of ordinary prudence would give them credit.*—The false representations charged in an affidavit for obtaining money under false pretenses need not be such that a man of ordinary prudence would give them credit.   p. 713.

6.   FALSE PRETENSES.—*Verdict finding defendant guilty was not contrary to law although victim paid money as bribe to keep from going to jail.*—A verdict finding the defendant guilty of obtaining money from a law violator by representing that he was a deputy sheriff and had authority to arrest her, she paying the money to keep from going to jail, was not contrary to law, since the motive of the victim is immaterial.   p. 714.

7.   CRIMINAL LAW.—*Instruction in prosecution for obtaining money under false pretenses held sufficient.*—In a prosecution for obtaining money under false pretenses, an instruction that the question before the jury was whether the representations were designedly false, made to induce the action claimed, and whether it was successful, and not whether a person of ordinary intelligence would be deceived by them, was sufficient and not argumentative.   p. 715.

8.   CRIMINAL LAW.—*Instruction that criminality of victims of false pretenses should be considered only as to their credibility as witnesses held proper.*—In a prosecution for obtaining money by false pretenses from persons guilty of selling intoxicating liquor, an instruction that the criminality of the defendant's victims should only be considered on the question of their credibility as witnesses was proper.   p. 716.

9.   CRIMINAL LAW.—An instruction in a criminal case need not be more definite than an indictment.   p. 716.

10.   FALSE PRETENSES.—*Instruction held sufficient without stating that the false representations must have constituted inducement for giving the money.*—In a prosecution for obtaining money by false pretenses, an instruction that the jury should find the defendant guilty if his victim believed the representations made by him and, relying on them, gave him money, and the representations were false and known by him to be false at the time he made them, was not defective for failure to state that such representations must have constituted the inducement for giving the money.   p. 716.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Henry Greening was convicted of obtaining money by false pretenses, and he appeals. *Affirmed.*

*Robert H. Moore, Anthony Rieg, Lorenzo A. Glasscott* and *Robert A. Glascott,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

GEMMILL, J.—In this criminal cause, Henry Greening, the appellant, was charged by affidavit with obtaining money by false pretense by unlawfully and falsely representing that he was a deputy sheriff and collecting protection money from the owners of a soft drink parlor. Three others were named as defendants with him in the affidavit, which was dismissed as to two of them. Appellant and the other defendant filed a motion for separate trials, which was granted. He was found guilty by a jury and has appealed from the judgment entered on its verdict.

The offense of false pretense is defined in §2588 Burns 1914, §2947 Burns 1926. The amended affidavit contained two counts, the second of which was dismissed. The first count, omitting the formal parts, is as follows: "Floyd Fishburn, being duly sworn upon his oath, says that heretofore, to wit: On or about the 18 day of February 1925, A. D. at the county of St. Joseph, in the State of Indiana, one Henry Greening, one George West, one Gerald Van Buskirk and one Clarence Geyer did then and there unlawfully, feloniously, knowingly, designedly, falsely and with intent to cheat and defraud one Peter Heye and one Emma Heye pretend and represent to said Peter Heye and Emma Heye that the said Henry Greening was a Deputy Sheriff of St. Joseph county, Indiana; that the said George West was a United States Marshal; that the said Gerald Van Buskirk and said Clarence Geyer were persons authorized by the

Sheriff of St. Joseph county and by said Greening and said West to act with the powers of deputy sheriffs; that they, the said Greening, West, Van Buskirk and Geyer had the power to arrest persons guilty of the crime of selling intoxicating liquor; that they, the said Greening, West, Van Buskirk and Geyer had the power to close buildings in which intoxicating liquor was sold on account of being thereby liquor nuisances; that they, the said Greening, West, Van Buskirk and Geyer were then and there authorized by Thomas A. Goodrick, Sheriff of St. Joseph county, to arrest them, the said Peter Heye and Emma Heye, for the crime of selling intoxicating liquor, and were further authorized then and there to close the building belonging to said Peter Heye and said Emma Heye at No. 353 S. Kenmore Street, South Bend, Indiana, from any use whatsoever, for the reason that they the said Peter Heye and Emma Heye had been and were selling intoxicating liquor in said building, and the said building was on that account a liquor nuisance; that they, the said Greening, West, Van Buskirk and Geyer were then and there authorized by the said Thomas A. Goodrick, Sheriff, to accept moneys in compromise of the crimes of unlawful sales of intoxicating liquor in St. Joseph county; that they, the said Greening, West, Van Buskirk and Geyer were authorized to accept moneys from them, the said Peter Heye and Emma Heye, in compromise of the crimes they had committed of selling intoxicating liquor in said building, upon which payment of said moneys they, the said Peter Heye and Emma Heye, would not be arrested for the said unlawful sale of intoxicating liquor, and their aforesaid building would not be closed; and they, the said Greening, West, Van Buskirk and Geyer, did then and there propose to them, the said Peter Heye and Emma Heye that the said Peter Heye and Emma Heye would pay to the said Greening, West, Van Bus-

kirk and Geyer the sum of one hundred fifty dollars, ($150) in money, in return for which the said Peter Heye and Emma Heye would not be arrested and their aforesaid building would not be closed.

"That the said Greening was not then and there a Deputy Sheriff of St. Joseph county; that the said West was not then and there a United States Marshal; that the said Van Buskirk and Geyer were not, nor was either of them, a person authorized to act with the powers of deputy sheriff; that they, the said Greening, West, Van Buskirk and Geyer, did not then and there have any power to arrest persons guilty of the unlawful sales of intoxicating liquor, nor did either of them have any such power, nor did either of them then and there have the power to close buildings on account of being liquor nuisances; nor did they, the said Greening, West, Van Buskirk and Geyer, nor either of them, then and there have the power to arrest said Peter Heye and said Emma Heye for the crime of unlawful sale of intoxicating liquor; nor did they, nor either of them have the power to close the building at No. 353 S. Kenmore Street, South Bend, belonging to said Peter Heye and Emma Heye, on account of same being a liquor nuisance; that they, the said Greening, West, Van Buskirk, and Geyer, were not then and there, nor was either of them, authorized by the said Thomas A. Goodrick, Sheriff, to compromise for money the unlawful sales of intoxicating liquor; that they, the said Greening, West, Van Buskirk and Geyer, were not then and there, nor was either of them then and there, authorized by the said Goodrick to compromise for money the crime of unlawful sale of intoxicating liquor by the said Peter Heye and Emma Heye and the closing of the building in which said liquor was sold at 353 S. Kenmore Street, South Bend; nor were they, the said Greening, West, Van Buskirk and Geyer, nor either of them, then and

there authorized by the sheriff of St. Joseph county, the said Goodrick, to promise and agree with them, the said Peter Heye and Emma Heye, that upon the payment of any money by the said Peter Heye and Emma Heye, they would not be arrested for said crimes, and their building would not be closed.

"That said Peter Heye and said Emma Heye, then and there believing said pretenses and representations so made by Henry Greening, George West, Gerald Van Buskirk and Clarence Geyer to be true, and believing that they were, the said Greening a Deputy Sheriff of St. Joseph County, the said West a United States Marshal, the said Van Buskirk and said Geyer persons authorized to act as having the power of deputy sheriffs; and believing then and there that they, the said Greening, West, Van Buskirk and Geyer had the power to arrest persons guilty and alleged to be guilty of selling intoxicating liquor, and of closing the buildings in which said intoxicating liquor was sold; and then and there believing that they the said Peter Heye and said Emma Heye were charged with selling intoxicating liquor, and that the building at No. 353 S. Kenmore Street, South Bend, was charged as being a liquor nuisance; and believing then and there that they the said Greening, West, Van Buskirk and Geyer, had the power to arrest them, the said Peter Heye and Emma Heye, for the unlawful sale of intoxicating liquor, and to close the building at No. 353 S. Kenmore Street, South Bend, belonging to them, the said Peter Heye and Emma Heye; and believing, then and there, that they the said Greening, West, Van Buskirk and Geyer had the power and were authorized by the said Goodrick, Sheriff of St. Joseph county, to compromise, for money, the crimes of selling intoxicating liquor in St. Joseph County, and the refraining, upon the payment of money, from closing buildings in which intoxicating liquor was sold; and

believing then and there, that they, the said Greening, West, Van Buskirk and Geyer, had the power and were authorized by said Goodrick to compromise, for money, the crimes of selling intoxicating liquor alleged to have been committed by them, the said Peter Heye and said Emma Heye, and had the power and were authorized by the said Goodrick to accept money for refraining from closing the building at No. 353 S. Kenmore Street, South Bend; and believing, then and there, that upon the payment of money by them, the said Peter Heye and Emma Heye, to them, the said Greening, West, Van Buskirk, and Geyer, they, the said Peter Heye and Emma Heye, would not be arrested for the alleged crime of sale of intoxicating liquor and the building at No. 353 S. Kenmore Street would not be closed; and being then and there deceived by all the pretenses and representations made by them, the said Greening, West, Van Buskirk and Geyer; they, the said Peter Heye and Emma Heye, were then and there induced by said pretenses and representations to deliver to said Henry Greening, George West, Gerald Van Buskirk and Clarence Geyer, certain moneys, goods and chattels to wit: One Hundred Fifty ($150) Dollars, in good and lawful money of the United States of America, then and there of the value of One Hundred Fifty ($150) Dollars, and then and there the property of the said Peter Heye and Emma Heye; and that said money was received and obtained of said Peter Heye and Emma Heye by the said Greening, West, Van Buskirk and Geyer by means of aforesaid false representations and pretenses, and with intent unlawfully, feloniously, falsely to cheat and defraud said Peter Heye and Emma Heye and to deprive them of their said property and money."

Appellant claims that the court erred in overruling his motion to quash the amended affidavit. In support thereof, he says that false pretenses must relate to past

or subsisting facts and not to the future.    His statement is true.    In the affidavit, it is alleged that the appellant falsely pretended and represented that he was a deputy sheriff, that he had the power to arrest persons guilty of the crime of selling intoxicating liquor, that he had the power to close buildings in which intoxicating liquor was sold on account of same being liquor nuisances, and that he was authorized by the sheriff to accept moneys in compromise of the crimes of unlawful sales of intoxicating liquor.    All these false pretenses related to existing facts.    The said affidavit is similar to the indictment in *Perkins* v. *State* (1879), 67 Ind. 270, 33 Am. Rep. 89, in which it was held that the indictment was sufficient wherein it was stated that the appellant falsely represented to another, that he, the former, was an officer possessed of a warrant and the power to arrest the latter for a pretended crime, but would not arrest him for a certain consideration, and obtained from the latter something of value as a consideration for not making the arrest. One of the objections to that indictment was that the false pretenses were made in reference to a future event. The court decided otherwise.    Appellant says that, to constitute false pretenses, money must have been obtained voluntarily and not by means of threats, which latter means indicate the different offense of blackmail. All the elements constituting the crime of obtaining property by false pretense are set out in the affidavit. The false pretense need not be shown to have been the sole and exclusive cause of inducement for parting with the property.    It is sufficient if false pretense is one of the inducements and of such force that the defrauded party would not have paid his money or delivered his property without it, even though other inducements contributed.    2 Brill, Cyclopedia Criminal Law §1256, 4 Elliott, Evidence §2981.    The facts stated in the affida-

vit properly pleaded might show another crime; but same is immaterial as the allegations therein establish the crime attempted to be charged. Appellant also says: "When the pretenses used are of such character that a person of ordinary intelligence and prudence could not be deceived by them, they do not constitute false pretenses within the statutes." The Indiana cases so holding and relied upon by him were overruled in *Lefler* v. *State* (1899), 153 Ind. 82, 54 N. E. 439, 45 L. R. A. 424, 74 Am. St. 300. That case holds that the false pretense charged in an indictment in a prosecution for obtaining money under false pretenses need not be such that a man of ordinary prudence would give it credit, or that it could not be guarded against by ordinary care and prudence. The affidavit in the instant case is sufficient.

Appellant also claims that the court erred in overruling his motion for a new trial. One cause in the motion is that the verdict of the jury is contrary to law. From the testimony of Emma Heye, one of the parties alleged to have been defrauded, the following appears: That she believed the false representations which appellant made to her; that on February 18, 1925, the day named in the affidavit, she believed the appellant was a deputy sheriff, and that he intended to arrest her and close the building; that she gave him $150 so that he would not take her to jail; that she did not learn that he was not a deputy sheriff until after she gave him the last $150 on February 18, prior to which date, she had not talked to the sheriff; and that appellant showed her a badge and she believed she would be arrested at that time. Said witness testified that she did not sell intoxicating liquor, but said that she sold beer and knew it was against the law to sell it. Other witnesses, including the appellant, testified that they had bought wine at that place. The

statutes making it an offense to obtain money or prop-
erty by false pretense are not concerned with the motive
with which the victim parts with his money or prop-
erty, but with the means which the defendant used to
obtain it.   2 Brill, Cyclopedia Criminal Law §1273.   It
is not shown that the verdict is contrary to law.

Instruction No. 12, given by the court on its own mo-
tion, is objected to by appellant for the reasons that
it is argumentative and is not confined to issues
7.   made by the pleadings or raised by the evidence.
Same is as follows:   "While there are many
cases supporting the contention of the defendant that,
when the pretenses used are of a character such that
a person of ordinary intelligence and prudence could
not be deceived by them, they do not constitute false
pretense within the statute, the design of the statute
was to protect the weak and shield the credulous against
the arts and wiles of the shrewd and designing; and
the real question on this point ought to be, and under
the statute and in reason is, was the pretense design-
edly false, and made to induce the action claimed, and
was it successful?   Its success may depend upon the
weakness or strength of the party played upon.   Men
of much good judgment and discretion are often de-
ceived by false pretenses used by skilled and crafty con-
fidence men, that possibly to the ordinary jury would
seem ought not to deceive anybody, while much less
plausibility of pretense will capture and deceive the un-
wary, unlearned and inexperienced.   It ought not to
be the law that one may escape the penalty of a crime
in deceiving the weak to their injury by false pretenses
by establishing that, if the party was not so weak, he
would not have succeeded in deceiving him."   Almost
the exact language of this instruction was used by the
court in *People* v. *Summers* (1898), 115 Mich. 537, 73
N. W. 818.   And same correctly states the law as de-

clared by this court in *Lefler* v. *State, supra*. Same cannot be regarded as argumentative and the subject-matter thereof is discussed by appellant in his brief on the motion to quash the affidavit. No error was occasioned by giving this instruction.

Exception is taken by appellant to instruction No. 13, which reads thus: "I charge you that the Heyes are not on trial here. The fact that the Heyes committed offenses, if they did, is no justification for the defendant herein, Henry Greening, committing the crime charged in the affidavit, if he did commit such crime. The only consideration you can give any criminality on the part of the Heyes, is as it bears on the question of their credibility as witnesses in this action, that is to say, as to what extent you may, under such circumstances, believe their testimony." This instruction is neither erroneous or misleading.

Instruction No. 15 is as follows: "I instruct you, gentlemen of the jury, that both in the nature of things, and in actual adjudication, no representation of a future event, whether in the form of a promise or not, can be a pretense, under the statute; for the pretense must relate to the past or to the present. Therefore, if you believe from the evidence in this case, that certain money was obtained from Peter or Emma Heye, by defendant Henry Greening, upon the mere representation or promise that he would secure from the sheriff, or some other officer or person, immunity for the said Heyes, and that the sole inducement for parting with such money, was such promise of immunity, and nothing else, then under such facts and circumstances, there can be no conviction. However, if you and each of you are satisfied beyond a reasonable doubt from all the facts and circumstances in evidence in this case that this defendant did, at and in the County of St. Joseph in the State of Indiana, on or

about the 18th day of February, 1925, unlawfully, felo-
niously and designedly, with intent to defraud Peter
and Emma Heye, falsely pretend to them that he, the
said Greening, was a deputy sheriff of St. Joseph county,
as charged in the affidavit, and that the said Peter
and Emma Heye, relying upon these representations,
believed them to be true, and if you further find that
the said defendant represented that by the payment of
money as charged in said affidavit, the said defendant
would give immunity from arrest by reason of the past
violation of law and that unless said money was paid,
the said Peter and Emma Heye would be arrested, and
that the said Peter and Emma Heye, relying upon these
representations and believing them to be true, gave to
the defendant the sum of $150 and that these represen-
tations were false and known to be false by the defendant
when he made them, if he did so represent as charged in
the affidavit, then I instruct you that you should find the
defendant guilty as charged." It is insisted that this
instruction is wrong as it fails to predicate that the
false representations, in addition to being believed, must
constitute the inducement for giving the money. In
*Clifford* v. *State* (1877), 56 Ind. 245, 248, this court
made the following statement: "When it is said, that
one relied upon a representation, the idea conveyed to
the mind by the expression is, not only that he believed
the representation to be true, but that upon his belief
or faith he had acted or was willing to act." An in-
struction need not be more definite than an indictment.
And in 25 C. J. 628, 629, it is said: "The indictment
should charge in terms or in substance that the person
defrauded relied upon the truth of the false statement,
pretense or token, and was induced thereby to part with
his money or property. No particular form of words
is, however, necessary for this purpose. Any words
that express this idea or from which it can be clearly

inferred will be sufficient. An allegation that by 'means of the false pretense,' or 'relying on the false pretense,' or the like, is sufficient when it is apparent that the delivery of the property was the natural result of the pretense alleged." In *State* v. *Conner* (1887), 110 Ind. 469, 11 N. E. 454, cited by appellant, the court held that it was not even inferentially charged that it was by means of such false representations that the defrauded party was induced to part with the goods in question. In this instruction, in the last sentence, in which the jury is told to find the defendant guilty as charged if they are satisfied beyond a reasonable doubt as to certain facts, the connection between the false pretenses as stated and the obtaining payment by appellant is shown. From same it appears that the false pretenses must have been causes which induced the defrauded parties to deliver their money to the appellant. The objection to this instruction is not well taken.

No reversible error appearing, the judgment is affirmed.