WARREN LUTHER CHEDESTER, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 7444

May 21, 1975                                        535 P.2d 794

*Horace R. Goff,* State Public Defender, and *Gary A. Sheerin,* Deputy State Public Defender, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

**OPINION**

By the Court, ZENOFF, J.:

On July 27, 1973, Warren Luther Chedester was convicted of attempting to obtain money by false pretenses and sentenced to a term of five years in the Nevada State Prison, sentence to be suspended and probation granted for three years.

The conviction stems from Chedester's conduct on December 22 and December 29 of 1972 when he met with an undercover officer of the Reno Police Department on the tip of an informant who had firsthand knowledge that Chedester was promising to heal persons by use of a sonic meter which is a toy lie detector apparatus. The idea was that by connecting the machine to the fingertips it monitored spiritual and emotional responses to questions and somehow cleansed the soul. Chedester's defense was that being of a religious mind, family and background he believed sincerely that when the spirit is troubled there are observable, physical and emotional manifestations which can sometimes be eliminated or reduced by the act of the spirit. He neglected, however, to relate these beliefs to the arresting and complaining officers.

His issues on appeal are whether the intended victim of the misrepresentations must actually be deceived in order for a conviction of attempting to obtain money by false pretenses to stand and whether his conduct was exempt from prosecution for his claim that his activities were in exercise of his freedom of religion.

1. The great weight of authority which we adopt holds that it is not necessary that the defendant's intended victim be deceived by the falsity of the representations. See People v. Camodeca, 338 P.2d 903, 906 (Cal. 1959); People v. Lynam, 68 Cal.Rptr. 202 (Cal.App.2d 1968).

2. Chedester administered his so-called treatments for a fee. He never told the officer that his ministering of treatment was a form of religious practice which he claimed at trial and on this appeal.

In order to raise this religious defense he must be held to have explicitly proffered himself as making religious, as opposed to medical, scientific or otherwise secular, claims. Founding Church of Scientology v. United States, 409 F.2d 1146 (D.C.Cir. 1969), cert. denied, 396 U.S. 963 (1969).

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.