**HARWEI, INC., d/b/a Precision Transmission and David Harris (Agent for Harwei, Inc.) and David Harris, Personally, Defendants-Appellants,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 2–283A64.

Court of Appeals of Indiana,
Second District.

Jan. 23, 1984.
Rehearing Denied March 8, 1984.

Michael J. Siegel, Indianapolis, for defendants-appellants.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge, writing by designation.

## STATEMENT OF THE CASE

Harwei, Inc., doing business as Precision Transmission (Precision), and David Harris each were found guilty of two charges [1] of theft, a class D felony.[2] Precision was fined $2500 on each charge.[3] Harris was fined $1000 on each charge and sentenced to two (2) years on each charge,[4] said terms to run concurrently, with all but 90 days suspended.[5] Precision and Harris appeal. We affirm but remand for correction of the judgment.

1. There were two separate informations filed. Cause No. CR82–043B related to the charge involving Becky Wilson and Cause No. CR82–044B related to the charge involving James Dailey. The charges were tried together.

2. Indiana Code section 35–43–4–2.

## FACTS

In early 1982, the Marion County prosecutor's office was conducting an operation known as "Transcam," relating to the activities of certain automobile transmission repair shops in the county. On March 31, 1982, one Becky Wilson, also known as Denice Dunn, an employee of the prosecutor's office, drove a 1979 Oldsmobile Cutlass automobile to Precision's shop at 2504 North Shadeland Avenue and informed Harris, who was president of Harwei, Inc., the corporation doing business at that location as Precision Transmission, that the car would go only about thirty miles per hour, seemed to be in the same gear all the time, and was using excessive amounts of gasoline. About three hours later, Harris informed her the clutches and some of the gears in the transmission were ruined and would have to be replaced. When she returned for the car on April 1, 1982, she received from Harris a work order showing the following charges which she paid:

| | |
|---|---|
| replace value body and governor | 101.00 |
| remove and replace transmission | 89.00 |
| Subtotal | 190.00 |
| Tax | 4.04 |
| Total | 194.04 |

On April 13, 1982, James Dailey, also known as James Day, an Indianapolis police detective, had a 1979 Oldsmobile Delta 88 automobile towed to the same Precision shop. Dailey told Harris the car had been extremely overheated and had almost welded or locked the torque convertor to the front of the pump. Harris told him the transmission was beyond repair and Dailey authorized the installation of a rebuilt transmission and convertor for which he was billed and paid $502.92.

3. Indiana Code section 35–50–2–7 prescribes the penalty for class D felonies.

4. See footnote 3.

5. Harris was given the option of serving 90 days in jail or ten week-ends (160 hours) in community service.

Prior to these two vehicles being taken to the Precision shop, the transmissions on each were dissassembled, inspected, placed in good condition, and test driven to assure proper performance. This was done under the direction of a Purdue University professor of mechanical engineering. At the professor's direction, a defective governor gear was placed in the transmission of each car. Governor gears can be replaced easily without removal of the transmission. Otherwise, the transmissions were in perfect working order. Both Wilson and Dailey knew the true condition of the transmissions when the cars were taken to the Precision shop.

Harwei, Inc. (Precision) and Harris each were charged with two counts of theft by creating a false impression. The informations were drawn in the following language;

(Cause No. CR82–043B)

"BE IT REMEMBERED, That, on this day before me, STEPHEN GOLDSMITH Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came ALAN D. BUCKSOT, INVESTIGATOR who, being duly sworn, upon his oath says that HARWEI, INC., d/b/a PRECISION TRANSMISSION, DAVID HARRIS, AGENT FOR HARWEI, INC., AND DAVID HARRIS, PERSONALLY on or about the 1 day of April, A.D.1982, at and in the County of Marion in the State of Indiana, did unlawfully and knowingly exert unauthorized control over the property of BECKY WILSON aka DENICE DUNN to wit: UNITED STATES CURRENCY IN THE AMOUNT OF ONE HUNDRED FOUR DOLLARS AND FOUR CENTS ($194.04) with the intent to deprive said BECKY WILSON aka DENICE DUNN of any part of the value or use of said property, in that HARWEI, INC., d/b/a PRECISION TRANSMISSION, DAVID HARRIS, AN AGENT FOR HARWEI, INC., d/b/a PRECISION TRANSMISSION, working within the scope of his authority and DAVID HARRIS, PERSONALLY, knowingly created a false impression that the transmission value body in a 1979 OLDS CUTLASS, vehicle identification number 3R47F9M407389 is needed to be replaced, when, in fact, it did not, ..."

(Cause No. CR82–044B)

"BE IT REMEMBERED, That, on this day before me, STEPHEN GOLDSMITH Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came ALAN D. BUCKSOT, INVESTIGATOR who, being duly sworn, upon his oath says that HARWEI, INC., doing business as PRECISION TRANSMISSION, and DAVID HARRIS (President and agent for HARWEI, INC.), and DAVID HARRIS, (Personally) on or about the 15th day of April, A.D.1982, at and in the County of Marion in the State of Indiana, did unlawfully and knowingly exert unauthorized control over the property of JAMES DAILEY, aka JAMES DAY, to-wit: UNITED STATES CURRENCY, in the amount of FIVE HUNDRED TWO DOLLARS AND NINETY TWO CENTS ($502.92) with the intent to deprive JAMES DAILEY aka JAMES DAY of any part of the value or use of said property, in that HARWEI, INC., doing business as PRECISION TRANSMISSION, and DAVID HARRIS, PRESIDENT and AGENT OF HARWEI, INC., working within the scope of his authority, and DAVID HARRIS personally, knowingly created a false impression that the transmission in a 1979 OLDSMOBILE DELTA 88, vehicle number 3N69N9M314034 needed to be completely rebuilt, when, in fact it did not, ..."

## ISSUES

The following issues, which we have restated, are presented:

1. Did the trial court err in overruling defendants' motions to dismiss the informations?

2. Did the trial court err in overruling defendants' motions for judgment on the evidence at the close of the state's case?

3. Was the evidence sufficient to sustain the convictions?

## DISCUSSION AND DECISION

### Issue One

The informations here were drawn under the following provisions of the theft statute:

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony."

Indiana Code section 35–43–4–2(a).

"Under this chapter, a person's control over property of another person is 'unauthorized' if it is exerted:

. . . .

(4) by creating or confirming a false impression in the other person...."

Indiana Code section 35–43–4–1(b)(4).

■ The elements of the crime charged in each of the informations here are (1) knowingly or intentionally (2) exerting unauthorized control (3) over property of another (4) by means of creating a false impression in that other person (5) with the intent to deprive the other person of any part of the use or value of the property thus obtained. If all these elements are charged, the informations are sufficient.

■ In reviewing charging instruments, we construe the language used in light of its common acceptance and understanding. *Williams v. State*, (1979) 271 Ind. 656, 395 N.E.2d 239; *Carson v. State*, (1979) 271 Ind. 203, 391 N.E.2d 600, *affirmed on appeal after remand* (1980) 403 N.E.2d 330. An information need only state the crime charged in the language of the statute or in words conveying a similar meaning. *Carson.* The accused has a right to require that the crime alleged against him be charged with sufficient certainty to enable him to anticipate the proof which would be adduced against him and to enable him to meet it. *Bickel v. State*, (1978) 176 Ind.App. 342, 375 N.E.2d 274.

We believe the information here meets these requirements.

■ In our opinion, any reasonable defendant reading the informations here would know precisely what he was charged with, what the state's evidence would show, and be able to meet the charge. The informations clearly charge that defendants obtained money from Wilson and Dailey by creating a false impression that their transmissions needed the repairs stated when in fact they did not. While the informations here are not models of draftsmanship they nevertheless state the elements of the crime charged in unmistakable terms and do not, in any way, tend to mislead. The court did not err in overruling the motions to dismiss.

### Issues Two and Three

The defendants (Harwei, Inc. and Harris) assert the trial court erred in overruling their motions for judgment on the evidence [6] at the conclusion of the state's case because there was a failure to prove or produce any evidence that either Becky Wilson or James Dailey had a false impression created in their minds by the defendants.

■ First, we note the defendants introduced evidence in their behalf following the overruling of their motions for judgment on the evidence (involuntary dismissal, *see* footnote 6). Such constitutes a waiver of any error in the overruling of the motion for judgment on the evidence at the close of the state's case. *Peckinpaugh v. State*, (1983) Ind., 447 N.E.2d 576; *Harris v. State*, (1981) Ind.App., 416 N.E.2d 902. However, because we interpret the arguments presented on this issue to include a challenge to the sufficiency of the evidence to support the convictions, and because we believe the judgments to be erroneous and in need of correction, we will address this issue.

---

**6.** More properly a motion for involuntary dismissal since the trial was before the court. Indiana Rules of Procedure, Trial Rule 41(B).

In reviewing challenges to the sufficiency of the evidence, we neither weigh the evidence nor judge the credibility of witnesses. We look only to that evidence most favorable to the judgment, together with all reasonable inferences flowing therefrom and if there is substantial evidence of probative value supporting the judgment of conviction, it will not be disturbed. *Smith v. State,* (1983) Ind., 454 N.E.2d 412; *Walker v. State,* (1983) Ind. App., 454 N.E.2d 425 (transfer pending).

■ The crucial issue here is whether a defendant can create a false impression in one who knows the defendant's representation is false. We believe he cannot. It is clear that both Wilson and Dailey were aware of the true condition of the transmissions and that Harris's representations as to the needed repairs were false. Under such circumstances no false impression was or could have been created, therefore, neither Harwei, Inc. nor Harris could be convicted of a completed theft.

The crimes charged here are not unlike the former offense of obtaining money or property under false pretenses (former Ind. Stat.Ann. § 10–210 Burns' 1956 Repl.). To sustain a conviction for obtaining property by false pretenses, the evidence must show that the alleged victim was deceived.

*Knopp v. State,* (1954) 233 Ind. 435, 120 N.E.2d 268. "The person alleged to have been defrauded must have believed the false pretense to have been true when it was not." 14 I.L.E. *False Pretenses* § 2 (1959). If the person alleged to have been defrauded knew that the representation was false, the offense has not been committed. *People v. Terranova,* (1976) 30 Colo. App. 476, 563 P.2d 363; *City of Kansas City v. Fritz,* (1980) Mo.App., 607 S.W.2d 837; *State v. Bohannon,* (1971) 187 Neb. 594, 193 N.W.2d 153; *Williams v. State,* (1976) Tex.Cr.App., 542 S.W.2d 131; *Scott v. State,* (1920) 89 Tex.Cr.R. 70, 228 S.W. 1099; 32 Am.Jur.2d *False Pretenses* § 51 (1982); R.M. Perkins, *Perkins on Criminal Law* 308–09 (2d Ed.1969).

■ Neither Wilson nor Dailey were defrauded because they knew the representations were false and no false impression could have been created thereby. The convictions of Harwei, Inc. and Harris of the completed crime of theft are, therefore, erroneous.[7]

■ However, it is not necessary to show that the intended victim actually was defrauded in order to sustain a charge of attempting to obtain property by false pretenses. *People v. Camodeca,* (1959) 52

---

7. We are not unmindful of the holdings in *Snelling v. State,* (1975) 167 Ind.App. 70, 337 N.E.2d 829, and *Snelling v. State,* (1975) 163 Ind.App. 644, 326 N.E.2d 606, with regard to the offense of theft by deception that there could be a "deception" even if the victim, in the exercise of reasonable care, should have known the representations made to him were untrue. The *Snelling* cases are distinguishable. There, the court said:

> "None of the language contained in that definition implies that there is no deception if the person deceived 'in the exercise of reasonable care should have known' that the representations made to him were untrue, and Snelling has cited no authority supporting such an interpretation. On the contrary the statutory definition places upon the person who has created a false impression ... the burden of dispelling it. [Footnote omitted.]"

*Snelling,* 163 Ind.App. at 648, 326 N.E.2d at 609, cited in *Snelling,* 167 Ind.App. at 77, 337 N.E.2d at 834.

In the *Snelling* cases, there was in fact a deception. A false impression had been creat-

ed. *Snelling* holds only that it is no defense that the victim should have known better. Such is the modern rule. The test is whether the representation deceived the person to whom made, not whether it would have deceived a person of ordinary prudence. *Lefler v. State,* (1899) 153 Ind. 82, 54 N.E. 439; 3 C.E. Torica, *Wharton's Criminal Law* § 429. Here, there was no deception. Wilson and Dailey, in fact, knew the representations were false.

Neither does *Streeval v. State,* (1968) 251 Ind. 349, 241 N.E.2d 255, require a contrary result. *Streeval* involved the deceptive practices act. That statute (Ind.Anno.Stat. § 10–3037(4) Burns' 1956 Repl.) made it a crime to knowingly make a false or misleading statement for the purpose of obtaining credit or other property. As the court pointed out, reliance was not an element. Neither was successful completion required. Thus, *Streeval* is not inconsistent with our holding that conviction of the completed crime of theft cannot be sustained here but that conviction of attempted theft can be sustained.

Cal.2d 142, 338 P.2d 903; *State v. Visco,* (1958) 183 Kan. 562, 331 P.2d 318; *Franczkowski v. State,* (1965) 239 Md. 126, 210 A.2d 504; *Chedester v. State,* (1975) 91 Nev. 316, 535 P.2d 794; *State v. Peterson,* (1919) 109 Wash. 25, 186 P. 264; 32 Am. Jur.2d *False Pretenses* § 56 (1982). In fact, the offense of attempting to obtain money or property by false pretenses may be committed even though the intended victim knew the pretenses were false and did not rely on them. 32 Am.Jur.2d *False Pretenses* § 56.

Here, the evidence clearly established that Harris and Harwei, Inc. (Precision) acted with the culpability required for commission of theft and engaged in conduct which constituted a substantial step towards the commission of the crime, thus meeting the statutory definition of attempt. Indiana Code section 35–41–5–1. An attempt is a felony of the same class as the crime attempted. *Id.* Attempted theft is an included offense of theft. Indiana Code section 35–41–1–16 (formerly § 35–41–1–2). *See Murphy v. State,* (1980) Ind. App., 414 N.E.2d 322 (defendant charged with burglary; evidence adequate to prove attempt, but not completed crime; instruction on attempted burglary and conviction thereof proper).

The evidence here clearly established the defendants' guilt of attempted theft, but not of the completed crime. However, defendants are not entitled to a reversal. In *Ritchie v. State,* (1963) 243 Ind. 614, 189 N.E.2d 575, the defendant was convicted of rape. There was insufficient proof of penetration, but assault and battery with intent was clearly established. Our supreme court remanded the case to the trial court with instructions to modify the judgment of conviction by reducing it to the lesser included offense of assault and battery with intent. Likewise, in a case where the defendant was charged with theft of property of more than $100 in value but there was no proof of value, this court remanded to correct the judgment to guilty of theft of property of less than $100 in value. *Lane v. State,* (1978) 175 Ind.

App. 543, 372 N.E.2d 1223. In *Lane,* we stated: "On appeal this Court may order a modification of the judgment of conviction to that of a lesser included offense because of an insufficiency of evidence on a particular element of the crime. [Citation omitted]." 175 Ind.App. at 547, 372 N.E.2d 1223.

Therefore, we remand this cause to the trial court to modify the judgments of conviction to find Harwei, Inc. and Harris each guilty of the offenses of attempted theft as to each charge, and the judgments so modified are affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.